Norris, J.
The defendants in error, Falk and Zay, as plaintiffs in the court of common pleas of this county, filed their petition against the Lake Erie & Western Railroad Company, in which, after asserting jurisdictional facts, they allege that defendant’s railroad runs near the premises of plaintiff Falk in this county, upon which, on the 17th day of August, 1895, was situated a hay barn of the value of $200, In the hay barn was hay of the value of $90.48, and straw worth $1.60; also standing on the premises was a grain elevator owned by said Levi Falk, in which was stored property of plaintiffs Falk and Zay, consisting of 41 bundles of bailing wire, worth $51,25, and other chattels named, all together with the hay building amounting to the value of $366.33, the property of the plaintiffs Falk and Zay.
Plaintiffs say that on this 17th day of August, 1895, defendant’s railroad company negligently omitted to use a spark arrester upon its locomotive, and in running its locomotive over its railroad opposite the premises upon which the property was located, defendant negligently permitted the locomotive to throw out sparks, which, falling upon the elevator, set it on fire. The fire destroyed the elevator, spread to and destroyed the hay building,and burned up all the property described in the petition. For this loss plaintiffs Falk and Zay seek to recover.
The answer of the railroad company is in substance a denial of the allegations of the petition. The issues thus made up were submitted to a jury which returned its verdict for the plaintiff. Defendant’s motion for a new trial was overruled. Taking exceptions to these proceedings of the trial court, the defendant, as plaintiff in error, here prosecutes this suit for reversal. The reasons assigned for reversal are found in the motion for new trial and in the petition in error, and are:
*127 First. The verdict is against the weight of the evidence and contrary to the law of the case.
Second. Error in the charge as given.
Third. Error in refusing to charge as requested.
Fourth. Error in admission of evidence offered by the plaintiff below, and in rejecting evidence offered by the defendant to maintain the issues upon its part.
Fifth. And the court erred in overruling defendant’s motion for new trial.
We find no error either in the admission or rejection of evidence by the trial court.
Coming now to the assignment that the verdict was not sustained by the weight of the evidence and is against the law, and that there is error in the charge as given and in the refusal to give the propositions requested by the defendant to be given, these objections may be considered together, resting as they do upon the validity of section 3365-5 of the Revised Statutes of this state, which provides:
“That every railroad company operating a railroad within the state of Ohio shall be liable for all loss or damage by fire originating upon the land belonging to such railroad company caused by operating such railroad, and the existence of such fires upon such railroad company’s lands shall be prima facie evidence that such fire was caused by operating such railroad.”
Plaintiff in error insists that the section of the statutes which thus declares, is inimical to those provisions of the constitution of this state which assure to every person a remedy for injury; which secure to each his lands and goods against every challenge except by the due process of the law; and notably that it controvenes section 19 of article 1, which holds private property only subservient to the public welfare, and aside from that inviolate,
Though not so alleged in the petition, it is conceded as one of th9 facts in this case, that that portion of the elevator *128 building where the fire in this instance originated, was upon lands belonging to the railroad company. Witnesses who almost saw the ignition, who saw the blaze when it was scarcely larger than a man’s hand, also testify that defendant’s locomotive had but a moment before been standing on the track nearly opposite this grain elevator, and had but a moment before started up and passed within twenty or thirty feet of this building. Those within the building say that there was no fire within the building when the blaze was discovered on the roof, and those who first saw the fire testify that in appearance it had just commenced to burn as if starting on the outside of the roof. The evidence tends to prove that this locomotive carried a device to prevent the emission of sparks, such as was in general use at that time by railroad companies; and while this is true, the evidence tends further to show, that for all the precaution taken by spark arresters such as the one in use on this locomotive, that at times sparks and pieces of live cinder would escape despite all such care to prevent it. The movement of this locomotive over its line at this time and place was one of the acts of the plaintiff in error in the operation of its railroad, so that the fact that this fire did originate upon the lands belonging to this railroad company, and was caused by the operating of-such railroad, is almost beyond question in the controversy, and if the plain provisions of section 3365-5 are not incompatible with the organic law of this state, the verdict of the jury is in all respects warranted by the weight of the evidence.
It is urged by plaintiff in error that section 3365-5 provides a summary method of depriving the plaintiff in error of its property. That both in creating the liability and determining the question of proof which fixes the liability, it establishes a system of procedure which the law-making power is not sustained in enacting
It is not an open question that the “general assembly has *129 authority to prescribe the circumstances that shall constitute prima facie evidence of a fact in issue in an action.” This doctrine is broadly laid down in the case of The Pennsylvania Company against McCann, 54 Ohio St,, 10, from the syllabus of which I have just quoted. Indeed, says Judge Bradbury in that case: “The authorities that bear in some degree upon that question are so numerous that it is impracticable to cite all of them;” and I find this true. Legislative enactments of this character the courts class, “not as among the law of rights, but as belonging to the law of remedy”, and by them the nature of the controversy is not changed, nor does it affect the process by which the rights of the parties to the controversy are determined,
In fixing the liability, the authority of the legislature might well emanate from that undefined quantity known as police power — the power to regulate and control — If from no other source. This section extinguishes no right of property of the plaintiff in error, it makes no attack upon its franchise, it does not challenge any privilege that it might legally exercise in its corporate capacity. A railroad corporation never had the right to set a man’s property on fire and burn it up. As the law stood before this enactment, it may have been excused from liability when the facts failed to establish want of ordinary care upon its part, but it never had the right to do this either by design or accident; so that in declaring the responsibility for injury from fire which originates on the land of the railroad company, caused by operating the railroad, and in fixing upon the railroad company the liability in the face of due care in operating the railroad, was not taking away a property right or circumscribing or curtailing the use of property; but was simply saying that a person who to carry on a business for profit uses in a certain way a dangerous and destructive element, of which he, and only he, has control, and injury from which he has the best means to prevent, is *130 under certain circumstances, and without fault upon his neighbor’s part, responsible for the consequences to his neighbor; that under such conditions a man whose property is destroyed without fault upon his part,may not suffer the loss and be without remedy, even though the one who causes the loss is free from substantive negligence, but without whose act the loss would not have occurred'.
A. & J. Blaclcford, for Plaintiff.
John Poe, and H. F. Burkett, for Defendant,
Viewing the case in this light, we are not of the opinion that the section is an infringement upon constitutional inhibition, and hence find no error in the charge as given, and in the refusal to charge as requested. No error therefore appearing upon the face of the record, the judgment of the common pleas is affirmed at the cost of plaintiff in error, without penalty, and the case is remanded for execution.